UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

YANFA ZHANG,                     :

             :

             Plaintiff,         :

             :          26-CV-4544 (JAV)

      -v-            :

             :         <u>ORDER</u>

SAKURA K&Y SUSHI INC. d/b/a SAKURA SUSHI, et  :
al.,                           

             :

           Defendants.     :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff gave notice that the above referenced action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, was voluntarily dismissed, without prejudice, against Defendants.  ECF No. 7.

In the event of a settlement and dismissal under Rule 41 of the Federal Rules of Civil Procedure of an FLSA claim, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

Plaintiff dismissed this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Although a *Cheeks* fairness review has historically been applied to actions dismissed with prejudice, the Second Circuit has held that actions dismissed without prejudice can still undergo a *Cheeks* fairness review.  *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 811 (2d Cir. 2022) (holding that the logic of *Cheeks* as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice).

Accordingly, it is hereby ORDERED that, on or before **July 7, 2026,** the parties must submit the settlement agreement, if any, to the Court along with a joint letter explaining the basis for the proposed settlement and why, if parties contemplate dismissal under Rule 41, it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*.  *See Wolinsky*, 900 F. Supp. 2d at 335-36.  The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).  If no settlement agreement has been reached, the parties must inform the Court via a joint letter.

The parties are reminded that, if they have reached a settlement, they have the option to consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the assigned Magistrate Judge would decide whether to approve the settlement.  If all parties consent to proceed before the assigned Magistrate Judge, they should file a fully executed version of the consent form on the docket on or before **the date set forth above**.

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release.  *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out.  *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision).  *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

Finally, the Court notes that counsel for Defendants has yet to appear in this action. It is therefore ORDERED that no later than **two business days from the date of this Order,** counsel for Plaintiff shall serve a copy of this Order on Defendants and file proof of such service on the docket, and that counsel for Defendants shall **immediately** thereafter file notices of appearance.

SO ORDERED.

Dated: June 22, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2